**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**DAVID HARRIS,**

                                     **Plaintiff,**

      vs.                                                                 **5:20-CV-01057**
                                                                                  **(MAD/ATB)**

**AMERICAN ACCOUNTING**
**ASSOCIATION, LISA DE SIMONE,**
**MATHEW EGE, and BRIDGET**
**STROMBERG,**

                                  **Defendants.**

_____

**APPEARANCES:**                                            **OF COUNSEL:**

**DAVID HARRIS**
4919 Briarwood Lane
Manlius, New York 13104
Plaintiff, _Pro Se_

**WILSON ELSER MOSKOWITZ**                  **ANDREW S. HOLLAND, ESQ.**
**EDELMAN & DICKER, LLP**                       **PETER A. LAURICELLA, ESQ.**
200 Great Oaks Boulevard, Suite 228           **OLIVIA ORLANDO, ESQ.**
Albany, New York 12203
Attorneys for Defendant American
Accounting Association

**WARD GREENBERG HELLER &**              **THOMAS S. D'ANTONIO, ESQ.**
**REIDY LLP**
1800 Bausch & Lomb Place
Rochester, New York 14604
Attorney for Defendant American
Accounting Association

**OFFICE OF THE TEXAS ATTORNEY**        **H. MELISSA MATHER, AAG**
**GENERAL**
P.O. Box 12548, MC017
Austin, Texas 78711
Attorney for Defendants De Simone,
Ege, and Stromberg

**Mae A. D'Agostino, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Plaintiff David Harris commenced this action on September 8, 2020, alleging a single

claim of unfair competition under New York's common law against Defendants Matthew Edge,

Bridget Stromberg, and Lisa De Simone (the "Defendant Authors") and the American Accounting

Association ("Defendant AAA").  *See* Dkt. No. 37.  On November 24, 2021, this Court entered a

Memorandum-Decision and Order dismissing the case and awarding Defendants costs and

attorney's fees.  *See* Dkt. No. 55 (the "November 24 Order").  Judgment was entered shortly

thereafter.  *See* Dkt. No. 56.  On April 13, 2022, the Court denied Plaintiff's motion for

reconsideration of the November 24 Order.  *See* Dkt. No. 73.

Currently before the Court are the affidavits submitted by Defendants detailing their

requested costs and attorney's fees.  *See* Dkt. Nos. 59, 60, 62, 77, 78.  The Court assumes the

parties' familiarity with the facts of the case.  Plaintiff has not submitted any response or

opposition to Defendants' affidavits.

**II. DISCUSSION**

**A.     Legal Standard**

As discussed in the November 24 Order, Defendants were awarded costs and attorney's

fees under New York's anti-SLAPP statute.  *See* N.Y. C.R.L. § 70-a.  In the Second Circuit,

"[a]ttorneys' fees are awarded by determining a presumptively reasonable fee, reached by

multiplying a reasonable hourly rate by the number of reasonably expended hours."  *Bergerson v.

N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289 (2d Cir. 2011)

(citation omitted).  Ultimately, "[t]he presumptively reasonable fee boils down to what a

reasonable, paying client would be willing to pay, given that such a party wishes to spend the

minimum necessary to litigate the case effectively." *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (quotation omitted); *see also Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 48 (S.D.N.Y. 2015).  The party seeking attorney's fees "bear[s] the burden of documenting the hours reasonably spent by counsel, and the reasonableness of the hourly rates claimed." *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 512 (S.D.N.Y. 2011).

**B.       Reasonable Hourly Rate**

In calculating the "presumptively reasonable fee," the Second Circuit has held that a district court is "to bear in mind all of the case-specific variables that [courts] have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate," which is "the rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008) (emphasis in original).  The relevant factors for a court to consider include, but are not limited to, the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required for effective prosecution of the case, the case's timing demands, the attorney's interest in achieving the ends of the litigation, the nature of representation, and the type of work involved in the case.  *See id.* at 184 n.2.[1]

The Second Circuit "'forum rule' generally requires use of 'the hourly rates employed in

---

[1]  The Second Circuit also suggests in *Arbor Hill* that the district court should consider the twelve factors delineated in *Johnson v. Ga. Highway Express*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).  *Arbor Hill*, 522 F.3d at 186 n.3.  The twelve Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Johnson*, 488 F.2d at 717-19.

the district in which the reviewing court sits in calculating the presumptively reasonable fee.'"

*Bergerson*, 652 F.3d at 290 (quoting *Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 174 (2d

Cir. 2009)); *see also Monsour v. New York State Off. for People with Dev. Disabilities*, No.

1:13-CV-00336, 2018 WL 3349233, *17 (N.D.N.Y. July 9, 2018) (explaining that an attorney's

hourly rate is considered reasonable when it is "in line with the rates prevailing in the community

for similar services by lawyers of reasonably comparable skill, experience, and reputation").  The

"court may determine the reasonable hourly rate by relying both on its own knowledge of

comparable rates charged by lawyers in the district" and "on evidence proffered by the parties."

*Adorno v. Port Auth.*, 685 F. Supp. 2d 507, 511 (S.D.N.Y. 2010) (internal quotation marks

omitted).

Attorneys Thomas D'Antonio, Molly Spakowski, and Jeniffer Taylor of the firm Ward

Greenberg Heller & Reidy LLP ("Ward Greenberg") served as counsel for both the Defendant

Authors and Defendant AAA at separate times during the initial portion of this litigation.  Ward

Greenberg's representation of the Defendant Authors ended after they obtained institutional

indemnification from the Office of the Texas Attorney General and representation of the

Defendant Authors was assumed by H. Melissa Mather and William Macdaniel, both assistant

attorney generals.  Ward Greenberg's representation of Defendant AAA ended when its insurer

agreed to provide it a defense and retained attorneys Andrew Holland, Peter Lauricella, and

Olivia Orlando of the firm Wilson, Elser, Moskowitz, Edelman & Dicker, LLP ("Wilson Elser").

Defendant AAA was also represented throughout this action by its in-house counsel, attorney

Debra Parrish.

Initially, the Court notes that although this action was commenced without a substantial

basis in fact and law, it was not a simple or easy case to defend.  Plaintiff's amended complaint

alone spanned 113 pages and 419 numbered paragraphs and included a forty-five page memorandum of law and over 300 pages of exhibits. Effectively responding to Plaintiff's prolix submissions while dealing with a cause of action grounded in a relatively complex area of state and federal law undoubtedly required both a significant time investment and the skill of multiple experienced attorneys. With that consideration in mind, the Court turns to the hourly rates requested by Defendants' attorneys, in order of experience.

### 1. Firm Partners

Defendants were represented by three law firm partners over the duration of this action: Thomas D'Antonio, Debra Parrish, and Peter Lauricella. Recent cases in the Northern District have upheld hourly rates of up to $350 for firm partners or attorneys with more than twenty years of experience. *See Tranchina v. McGrath*, No. 9:17-CV-1256, 2021 WL 5139471, *2 (N.D.N.Y. Nov. 4, 2021) (granting a rate of $ 350 per hour for attorneys with more than twenty years of experience); *Doe v. Cornell U.*, No. 3:17-CV-0402, 2019 WL 1567535, *7 (N.D.N.Y. Apr. 11, 2019) (granting a rate of $ 350 per hour for a partner); *Cruz v. Sal-Mark Restaurant Corp.*, No. 1:17-CV-0815, 2019 WL 355334, *7 (N.D.N.Y. Jan. 28, 2019) (noting that "[r]ecent cases in the Northern District have upheld hourly rates between $250 and $350 for partners") (quoting *Deferio v. City of Syracuse*, No. 16-CV-0361, 2018 WL 3069200, *3 (N.D.N.Y. June 21, 2018)); *Parish v. Kosinski*, No. 5:17-CV-0344, 2018 WL 1475222, *5 (N.D.N.Y. Feb. 5, 2018) (granting a rate of $350 per hour for partners), *report and recommendation adopted*, 2018 WL 1474366, *1 (N.D.N.Y. Mar. 26, 2018).

Mr. D'Antonio has been a partner at Ward Greenberg for over twenty years and in practice for more than thirty-five years. *See* Dkt. No. 59 at ¶ 12. Mr. D'Antonio charged the Defendant Authors $360 per hour and Defendant AAA $380 per hour. *See* Dkt. No. 59 at ¶¶ 11,

21.[2]  The Court finds that a reduced hourly rate of $350 is reasonable.  Despite Mr. D'Antonio's

experience, neither the complexity of the substantive issues nor the circumstances of this case

justify a departure above the high end of a presumptively reasonable fee in the Northern District.

Ms. Parrish is a partner at Debra M. Parrish, PC, and has worked "on research integrity

issues and cases since 1989" and specifically with Defendant AAA on research integrity issues

since 2017.  Dkt. No. 60-3 at ¶¶ 6, 10.  In her declaration, Ms. Parrish states that her "current"

hourly rate is $575.[3]  *Id.* at ¶ 7.  It is clear that Ms. Parrish has a wealth of experience representing

parties in cases similar to this one.  However, as with Mr. D'Antonio, the Court does not find that

the circumstances of this matter justify a departure above the high end of a presumptively

reasonable fee in the Northern District.  Accordingly, the Court finds that a reduced hourly rate of

$350 for Ms. Parrish's representation is reasonable.

Finally, Mr. Lauricella is a managing partner at Wilson Elser and has been practicing law

for nearly 25 years.  *See* Dkt. No. 60-1 at ¶¶ 4-5.  Mr. Lauricella charged Defendant AAA

$225.00 per hour.  *See id.* at ¶ 7.  As a partner with more than 20 years of experience, the Court

finds an hourly rate of $225 to be reasonable for Mr. Lauricella.

### 2. Experienced Attorneys

Defendants were represented by three "experienced" attorneys—*i.e.*, attorneys with

---

[2]  The difference between the rate for the Defendant Authors and the rate for Defendant AAA reflects "a discount offered to the [Defendants Authors] given their status as individual employees of not-for-profit universities."  Dkt. No. 59 at ¶ 11.

[3]  Ms. Parrish's declaration states that, "[d]uring the pendency of [this] matter, [her] hourly rate ranged from $500 per hour to $525 per hour."  Dkt. No. 60-3 at ¶ 7.  A look at the attached invoices, however, reveals that Ms. Parrish appears to have charged Defendant AAA her "current" rate—$575 per hour—rather than a $500 or $525 per hour rate.  *See* Dkt. No. 60-4. Because the Court is reducing her fee below any of those amounts, this inconsistency need not be resolved.

employment that does not fit neatly into either a "partner" or "associate" category—over the duration of this action: H. Melissa Mather, William Macdaniel, and Andrew Holland.  Recent cases in the Northern District have upheld rates of around $250 per hour for experienced attorneys.  *See Doe*, 2019 WL 1567535, at \*7 ("For senior attorneys with more than ten years experience, the Northern District has found that an hourly rate within the range of $250 to $350 is appropriate"); *Plumbers, Pipefitters, & Apprentices Local No. 112 Pension Fund v. D.J. Springer, Inc.*, No. 3:16-CV-0321, 2018 WL 3448684, \*4 (N.D.N.Y. July 1, 2018) (awarding "rates of $240 per hour for an experienced attorney").

Ms. Mather had approximately ten years of experience as an assistant attorney general at the Office of the Texas Attorney General, and has been licenced to practice in the State of New York since 2002.  *See* Dkt. No. 62 at ¶ 3.  Mr. Macdaniel had served as an assistant attorney general for the Office of the Texas Attorney General for four years and had been licensed to practice in Texas since 2017.  *See id.* at ¶ 6.  Ms. Mather requests $210 per hour for her representation and $185 per hour for Mr. Macdaniel's representation.  *See id.* at ¶ 5.  The Court finds that the requested hourly rates of $210 for Ms. Mather and $185 for Mr. Macdaniel are reasonable for attorneys of their experience.

Mr. Holland was practicing in a management role as an "Of Counsel" attorney at Wilson Elser and has been engaged in civil litigation generally since 2011.  *See* Dkt. No. 60 at ¶¶ 3-5. Mr. Holland charged Defendant AAA an hourly rate of $210 for his representation.  *See id.* at ¶ 5. The Court finds that an hourly rate of $210 is reasonable for Mr. Holland.

### 3. Firm Associates

Defendants were represented by three associates over the duration of this action: Molly Spakowski, Jeniffer Taylor, and Olivia Orlando.  Recent cases in the Northern District have

upheld rates between $165 and $200 per hour for associates.  *See Cruz*, 2019 WL 355334, at *7

(quotation omitted); *Berkshire Bank v. Tedeschi*, No. 1:11-CV-0767, 2015 WL 235848, *3

(N.D.N.Y. Jan. 16, 2015), *aff'd*, 646 Fed. Appx. 12 (2d Cir. 2016); *see also Tranchina*, 2021 WL

5139471, at *3 (finding $200 per hour reasonable for a third-year attorney with substantial

experience).

Ms. Spakowski was a second year associate at the time she represented the Defendant

Authors.  *See* Dkt. No. 59 at ¶ 12.  The Defendant Authors were charged an hourly rate of $220

for her work.  *See id.* at ¶ 11.  The Court finds that a reduced rate of $180 per hour is reasonable

for an associate with two years of experience.

The only information provided concerning Ms. Taylor was that she had clerked for a

federal district court judge prior to her employment at Mr. D'Antonio's firm.  *See* Dkt. No. 59 at ¶

22.  No information was provided about Ms. Orlando's experience.  Defendant AAA was charged

an hourly rate of $240 for Ms. Taylor, *see* Dkt. No. 59 at ¶ 21, and an hourly rate of $180 for Ms.

Orlando, *see* Dkt. No. 60 at ¶ 12.  Assuming that both attorneys were associates with less than

two years' experience at the time they represented Defendant AAA, the Court finds that a

reasonable rate for their representation is $165 per hour.

**C.      Reasonable Number of Hours**

"The fee applicant also bears the burden of documenting the hours spent by counsel, and

the reasonableness thereof."  *Stevens v. Rite Aid Corp.*, No. 6:13-CV-783, 2016 WL 6652774, *4

(N.D.N.Y. July 6, 2016).  In the Second Circuit, "'any attorney ... who applies for court-ordered

compensation ... must document the application with contemporaneous time records ...

specify[ing], for each attorney, the date, the hours expended, and the nature of the work done.'"

*Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 148 (2d Cir. 2014) (quoting *N.Y. State*

*Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)).  "The law is clear that in reviewing a fee application, the court 'should exclude excessive, redundant or otherwise unnecessary hours.'"  *Siracuse v. Program for the Dev. of Human Potential*, No. 07 CV 2205, 2012 WL 1624291, *33 (E.D.N.Y. Apr. 30, 2012) (quoting *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999)).  "In excluding hours that were not reasonably expended, 'the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application.'"  *Osterweil v. R. Bartlett, III*, No. 1:09-cv-825, 2015 WL 1066404, *8 (N.D.N.Y. Mar. 11, 2015) (quoting *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998)).

### 1. Attorneys D'Antonio, Spakowski, and Taylor

Invoices provided by Mr. D'Antonio state that (1) Mr. D'Antonio expended 10.1 hours representing the Defendant Authors and 11.8 hours representing Defendant AAA; (2) Ms. Spakowski expended 2.0 hours representing the Defendant Authors; and (3) Ms. Taylor expended 13.7 hours representing Defendant AAA.  *See* Dkt. No. 59 at 9-21 (Exhibits B-E).  These invoices comprehensively document the date, the hours expended, and the nature of the work done by each attorney, and the Court does not discern excessive, redundant, or unnecessary hours therein.  Accordingly, the Court finds that the hours requested by Attorneys D'Antonio, Spakowski, and Taylor are reasonable and warranted.

### 2. Attorneys Mather and Macdaniel

Time sheets[4] generated by the Texas Attorney General's Office show that Ms. Mather expended 102.25 hours and Mr. Macdaniel expended 112.45 hours representing the Defendant

---

[4] The Texas Attorney General's Office did not charge the Defendant Authors.  *See* Dkt. No. 62 at ¶ 9; Dkt. No. 77 at ¶ 3.

Authors.  *See* Dkt. No. 62 at 8-14 (Exhibit A); Dkt. No. 77.  Initially, Ms. Mather suggests—and

the Court agrees—that a 25% reduction in the amount of hours is warranted due to the fact that

neither attorney regularly practiced in New York and both were required to spend additional time

familiarizing themselves with applicable New York statutes and case law.  *See* Dkt. No. 62 at 4-5.

However, the Court finds that a further reduction is warranted in this case because the provided

time sheets contain only generic descriptions of the work done.  For example, these time sheets

frequently describe the nature of the work done as "reviewing/researching pleading," "conferring

with AG personnel," or "drafting pleadings," without any further elaboration.  *See id.* at 8.  These

entries lack sufficient specificity for the Court to assess the reasonableness of the amount charged

in relation to the work performed.  *See People ex rel. Vacco v. Rac Holding, Inc.*, 135 F. Supp. 2d

359, 363 (N.D.N.Y. 2001) ("While the fee applicant's records need not be extraordinarily detailed,

they must identify the general subject matter of the claimed time expenditures") (citing *Hensley*,

461 U.S. at 437 n.12).  Accordingly, the court finds that an additional 25% reduction—for a total

of 50%—is warranted, resulting in 51.13 hours expended by Ms. Mather and 56.23 hours

expended by Mr. Macdaniel.

### 3. Attorneys Holland, Lauricella, Orlando, and Parrish

Invoices and time sheets provided by Wilson Elser state that, in representing Defendant

AAA, Mr. Holland expended 138.5 hours, Mr. Lauricella expended 24.8 hours, and Ms. Orlando

expended 0.2 hours.  *See* Dkt. No. 60-2.  These Defendants also request $11.39 in disbursements.

Ms. Parrish has provided invoices stating that she expended 10.42 hours representing Defendant

AAA.  *See* Dkt. No. 60-4.  These invoices thoroughly state the nature of the work done by each

attorney during the listed hours, and the Court does not discern any excessive, redundant, or

unnecessary hours.  Accordingly, the Court finds that the hours requested by Attorneys Holland,

Lauricella, Orlando, and Parrish are reasonable and warranted.

**D.     Summation**

Based on the foregoing, the Court awards attorney's fees as follows:

| Name | Requested Rate | **Adjusted Rate** | Requested Hours | **Adjusted Hours** | Requested Total | **Adjusted Total** |
|---|---|---|---|---|---|---|
| **Thomas D'Antonio**[5] | $360 per hour | **$350 per hour** | 10.10 | **10.10** | $3,636.00 | **$3,535.00** |
| **Thomas D'Antonio**[6] | $380 per hour | **$350 per hour** | 11.80 | **11.80** | $4,484.00 | **$4,130.00** |
| **Molly Spakowski** | $220 per hour | **$180 per hour** | 2.00 | **2.00** | $440.00 | **$360.00** |
| **Jeniffer Taylor** | $240 per hour | **$165 per hour** | 13.70 | **13.70** | $3,288.00 | **$2,260.00** |
| **H. Melissa Mather** | $210 per hour | **$210 per hour** | 71.25 | **51.13** | $14,962.50 | **$10,737.30** |
| **William Macdaniel** | $185 per hour | **$185 per hour** | 75.00 | **56.23** | $13,875.00 | **$10,402.55** |
| **Andrew Holland** | $210 per hour | **$210 per hour** | 138.50 | **138.50** | $29,085.00 | **$29,085.00** |
| **Peter Lauricella** | $225 per hour | **$225 per hour** | 24.80 | **24.80** | $5,580.00 | **$5,580.00** |
| **Olivia Orlando** | $180.00 per hour | **$165 per hour** | 0.20 | **0.20** | $36.00 | **$33.00** |
| **Debra Parrish** | $575 per hour | **$350 per hour** | 10.42 | **10.42** | $5,989.57 | **$3,647.00** |
| Costs | | | | | $11.39 | **$11.39** |
| Total | | | | | $81,387.46 | **$69,781.24** |

**III. CONCLUSION**

---

[5] For his representation of the Defendant Authors.

[6] For his representation of Defendant AAA.

After carefully reviewing the record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants are awarded $69,781.24 in attorney's fees and costs distributed in accordance with the above Memorandum-Decision and Order; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  May 24, 2022
         Albany, New York

Mae A. D'Agostino
U.S. District Judge